(No. 2442— )

Elijah F. Hayes, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 13, 1935.*
*Rehearing granted May 14, 1935.*

Elijah F. Hayes, pro se.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Corporal Elijah F. Hayes has filed his claim pro se under a stipulation that he was a member of the Howitzer Co. of the 130th Inf. I. N. G. and was injured on July 26, 1933 in the bus-fire near Pana, Illinois while on duty as a member of the National Guard of this State; that his injuries have been duly considered by a Medical Board on September 23, 1933, July 26, 1933, January 14, 1934 and August 8, 1934.

Claimant is forty years of age and had been a member of the Militia since January 3, 1930. Prior to the injury he was engaged as an automobile mechanic and was earning Thirty-seven Dollars ($37.00) per week. He is a widower without any children and testified that the most serious injuries received by him in the bus-fire were severe burns on the left hand, and in the lumbar region of the back and on the neck and back of the left ear. There is some stiffness in the left hand, causing inability to grasp tightly. In its final examination at that time the Military Medical Board considered X-ray films made on August 10, 1934 showing a bony deformity in his shoulder, and the Board estimated his permanent partial disability at twenty-five per cent (25%). There is evidence of a hernia operation performed several years ago and a recurrence of such hernia shortly before

the accident in question, but in no way connected with the accident.

Payments have been made to the claimant under the provisions of Section X Art. XVI of the Military Code through the Adjutant General's Office from July 25, 1933 to February 26, 1934 in the sum of Four Hundred Fifty-four and 75/100 Dollars ($454.75). Under approval of this court further payments have been made to claimant through the Adjutant General's Office.

In addition thereto the State has paid or assumed payment for medical, nursing and hospital fees for claimant to the amount of Two Hundred Eighteen and 75/100 Dollars ($218.75). Claimant testified that the burn to his left hand and the dislocation of his shoulder comprise the most serious injuries; that the burn to his right hand was the most painful at the time of the accident, but that there seems to be no permanent injuries thereto.

While the Workmen's Compensation Act does not control in claims of this character, we believe its provisions are properly considered as a guide. That Act provides for a payment of fifty per cent (50%) of the average weekly wage with a maximum of Fifteen Dollars ($15.00) for 225 weeks for the loss of an arm or the total loss of its use. Claimant's earnings would entitle him to the maximum of Fifteen Dollars ($15.00) per week if figured by this rule. Twenty-five per cent (25%) disability of loss of an arm would figure $15.00 times 56-1/4 weeks—or Eighth Hundred Forty-four Dollars ($844.00). If the Compensation Act was to be strictly applied, the amounts heretofore paid would be approximately the same as the amount due for temporary total incapacity. If we consider the twenty-five per cent (25%) disability finding as made by the Medical Board to apply to claimant's general physical ability instead of treating it as a disability to the left arm alone we would consider his award on the basis of a maximum death benefit of Four Thousand Dollars ($4,000.00); twenty-five per cent (25%) of which would be One Thousand Dollars ($1,000.00).

Under the authority of the Military and Naval Code and under all the facts shown by the Record, and the various medical reports, the court is of the opinion that an allowance should be made on the latter basis, *and an award is therefore allowed in the sum of One Thousand Dollars ($1,000.00).*

It is Further Ordered, that payments heretofore authorized and approved under orders of this court to claimant shall be discontinued upon the issuance of a warrant in payment of said award.

OPINION ON REHEARING.

MR. JUSTICE YANTIS delivered the opinion of the court:

Application of the above named claimant for a reconsideration of the award of One Thousand Dollars ($1,000.00) heretofore made in his favor has been duly considered and the entire record in connection with the military bus-fire accident, out of which the injuries to claimant resulted, has been reviewed. As the injuries growing out of this accident were suffered by the various claimants while engaged in military service, the reports of the Military Medical Boards are entitled to earnest consideration. In the case of Corporal Hayes, the last of such reports was that of August 8, 1934. The award of One Thousand Dollars ($1,000.00) was based upon the evidence as disclosed in his case and the court finds no sufficient basis for a modification or change of the amount of that award. However a further showing has been made over the signature of Dr. V. P. Blair of St. Louis, Missouri, that an examination of claimant under date of April 10, 1935 shows that certain skin graft can be made across the dorsum of the left hand, which the doctor believes will release the hand sufficiently to permit the closing of same and to also remove the tenderness now existing. Such operation involves an estimated hospitalization of four weeks time and a surgical charge of Three Hundred Fifty Dollars ($350.00).

Again following the practice in connection with the Workmen's Compensation Law, and believing from the record that the surgical treatment in question will relieve the claimant to some extent of the disability now existing,

It is Therefore Ordered that this cause shall remain upon the docket for such further orders and awards if any as may prove legal and proper, in addition to the specific award hereinabove made, for surgical care and hospitalization as hereinabove indicated.